## THE STATE v. CLARENCE VARICOLA.

### Decided June 16, 1924.

**Crimes—Concealed Weapons—Robbery—Receiving Stolen Goods —Errors Assigned Considered and Judgment Affirmed.**

On error to the Monmouth Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff in error, *Stokes & McDermott*.

For the state, *Charles F. Sexton*, prosecutor of the pleas.

PER CURIAM.

The grand jury of Monmouth county, at the January term, 1923, presented two indictments against the defendant, one charging him with the offense of carrying concealed weapons, and the other charging him with the crime of robbery, in one count, and with the receiving of stolen goods, knowing them to be stolen, in a second count. By consent of both sides the two cases were tried together, and there was a conviction upon each indictment.

The plaintiff in error contends that there should be a reversal of each of these convictions, and bases that contention upon three grounds. The first is that it was harmful error for the trial judge to allow the prosecutor of the pleas to state in a question put to one Davis, a witness, that he, the witness, had testified to a certain fact embodied in the question, when no such testimony had been given by him. The state of the case, so far as it relates to this ground of reversal, discloses the following situation: When Davis, who was a witness called by the state, was on the witness-stand, he had testified to an offer made by the defendant to him to sell forty-five cases of whiskey, this whiskey being the

subject-matter of the charge of robbery contained in indict-
ment number two. Having so testified, the prosecutor of the
pleas then asked this question: "When you told Varicola,
'You are the one that held up that truck and got the whis-
key—'" At this point in the question counsel for the de-
fendant interrupted, saying, "He hasn't said that." The
prosecutor insisting that the witness had so testified, counsel
for the defendant then asked to assign that statement of the
prosecutor as error on the record. The trial judge then in-
terposed, saying, "My recollection of the witness' testimony
is that he accused this man of taking that whiskey," and
then, turning to the witness, the judge said, "Isn't that so,
Mr. Davis?" to which the witness replied, "Yes, sir; I did.
I told him." The court then said to the witness, "Go over
it again. Tell counsel what you did say when he came to
you with the whiskey." To which the witness answered,
"When he came over to me and offered the whiskey for sale I
said, 'You're whiskey is stole; you held up the truck.'"
The court then asked, "You said, 'You held up the truck?'"
To which the witness answered, "I said, 'You held up the
truck with the whiskey in.'" The prosecutor then asked
this question: "What reply did he make? A. He said,
'What difference is it to you, even if I did hold up the truck?
It is no difference to you.'" Accepting it as true that the
original question above recited and put by the prosecutor to
the witness contained a misstatement of fact, the subsequent
statement by the witness which we have recited rendered the
assumption in the original question harmless, so far as its
effect upon the defendant's case was concerned. This being
so, the plaintiff in error can take nothing by the assignment
of error upon which the first point is rested.

The second point urged by counsel for the defendant as a
ground for reversing the judgment, is that it was error for
the trial judge to state in the presence of the jury as a fact
that his recollection of the witness' testimony was that he
accused the defendant of taking the whiskey, when, as a
matter of fact, the testimony given by the witness shows that
he had not then made any such accusation. It is difficult to

understand upon what theory the statement of a trial judge made to counsel as to his recollection relating to evidence forms a legitimate basis for an assignment of error. But, passing this, it is quite manifest, from what has already been said in discussing the first point, that no harm could have come to the defendant by this statement of the court. The defendant can take nothing by this assignment of error.

The only other ground of reversal argued before us is that "there was error in the entire charge of the court to the prejudice of the defendant." The contention in support of this assignment is that, under chapter 349 of the laws of 1921 (*Pamph. L., p. 951*), this court has power to reverse upon any error appearing on the entire case. It is enough to say, in disposing of this contention, that it is based upon an entire misconception of the scope of the statute appealed to, which only authorizes the reviewing court to reverse where the verdict is contrary to the weight of the evidence. Moreover, it is no function of the reviewing court to examine the entire charge in a criminal case for the purpose of discovering whether it can detect any error therein. The duty of the court is merely to examine alleged errors in the charge pointed out by the plaintiff in error, and, no specific error having been alleged or pointed out by counsel in the present case, we conclude that this third ground of reversal is without merit.

The convictions under review will be affirmed.